# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20755

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARUN SHARMA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2996

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Arun Sharma, federal prisoner # 99154-179, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion challenging his sentence for conspiracy to commit health care fraud and mail fraud and health care fraud. Sharma raises the following claims: (1) counsel was ineffective for failing to timely present Sharma with the plea agreement; (2) counsel was ineffective relative to Sharma's decision to plead guilty by (a) failing to inform him of his sentencing exposure, (b) erroneously advising

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20755

him that the loss calculation would be offset by legitimate services, and (c) erroneously advising him that $1.5 million would be placed in trust for his son's education; and (3) counsel was ineffective at sentencing by failing to adduce evidence demonstrating an accurate loss amount. He also argues that he was entitled to an evidentiary hearing.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has denied claims on the merits, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Sharma has not met this standard with respect to his merits-based claims and has therefore not shown an entitlement to a COA. We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.